[No. B007966. Second Dist., Div. Six. Dec. 4, 1985.]

RICHARD VEILLEUX, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
CITY OF SAN LUIS OBISPO, Respondents.

## COUNSEL

Haynes, Olpin, Wilkinson & Stone and Donald W. Haynes for Petitioner.

Kegel, Tobin & Hamrick, Nancy J. Hankinson, Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondents.

Susan V. Hamilton, James M. Robbins, James D. Fisher, and Ernest E. Vivas as Amici Curiae, on behalf of Respondents.

## OPINION

**STONE, P. J.**—Petitioner, Richard Veilleux (applicant), seeks review of the decision of respondent Workers' Compensation Appeals Board (Board) denying reconsideration of its decision rescinding the findings and award of the workers' compensation judge (WCJ) that applicant is entitled to a 10 percent penalty (Lab. Code, § 5814) on all vocational rehabilitation temporary disability indemnity (VRTD).[1]

We hold that the Board erred in rescinding the penalty findings and award.

Applicant sustained an industrial injury to his back in the July 22, 1981, to July 22, 1982 period of his employment as a custodian by respondent City of San Luis Obispo (City). He subsequently entered a program approved by the Rehabilitation Bureau of the Division of Industrial Accidents (Bureau) for instruction as an electronic technician in a class in Oxnard from September 19, 1983, through February 17, 1984, with approximately 90 days of placement services to be provided following completion of the class. City was ordered to pay tuition fees, living expenses, and mileage during the program period and was further ordered to pay VRTD. The summary of the plan stated that May 11, 1984, was the expected completion date.

---

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

All statutory references herein are to the Labor Code unless otherwise indicated.

In December 1983 applicant's wife was diagnosed as having cancer. This resulted in applicant's inability to commute from his home in San Luis Obispo to his class in Oxnard. Consequently, he stopped attending the class.

Job placement attempts continued for ninety days after applicant discontinued the educational program, whereupon his rehabilitation counselor recommended case closure because she believed that ninety days of job placement were sufficient and that applicant had not gone for interviews on his last three job leads. On February 29, 1984, counsel for applicant informed City by letter that applicant would oppose any termination of VRTD benefits.

On March 5, 1984, City filed with the Bureau a request for case closure. On March 8, 1984, applicant objected and requested a formal conference. Nevertheless, City unilaterally terminated applicant's VRTD benefits on March 11, 1984. Applicant subsequently filed with the Board a declaration of readiness in which he requested a section 5814 penalty for City's failure to provide VRTD. Thereafter, the parties had an informal rehabilitation conference wherein City purportedly requested case closure. The Bureau took no action, apparently because City's request for case closure had not been received by the Bureau.

The parties stipulated that City had ceased payment of VRTD on March 11, 1984, only six days after City filed its request for case closure, despite the Bureau's failure to order closure or specifically determine that City was relieved of its obligation to pay VRTD. A Bureau employee testified that no request for case closure was received from City.

The WCJ found that City unreasonably delayed VRTD payments and that applicant and his attorney were each entitled to a 10 percent penalty. The WCJ opined that, "[w]hile it is clear that defendant had a good faith belief that applicant wished to terminate rehabilitation, it is nevertheless responsible for a ten percent penalty on all rehabilitation temporary disability pursuant to *Laird* [v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 198 (195 Cal.Rptr. 44)] for terminating temporary disability without a formal order of the Rehabilitation Bureau. The result is equitable since applicant, in fact, did not wish to terminate rehabilitation." In his report and recommendation on the petition for reconsideration, however, the WCJ stated, "defendant['s] argument that it had a good faith belief that applicant wished to terminate rehabilitation is effectively rebutted by the letter from applicant's counsel dated February 29, 1984, . . . which indicates that applicant had no such intent."

The Board granted reconsideration and rescinded the WCJ's findings and award. The Board concluded that applicant had not been awarded continuing

VRTD benefits; that City's only obligation was to make payments in accordance with the rehabilitation plan; that applicant "apparently terminated the plan in November of 1983 when he stopped attending school"; and that applicant's conduct was "like a repudiation of the contract between the two parties." For these reasons the Board determined that City was not subject to a penalty assessment pursuant to section 5814.

Vocational rehabilitation benefits, which include temporary disability payments (VRTD), additional living expenses, and vocational training, are among the benefits included in compensation to be provided by employers to injured workers. (§ 3207; *LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 242 [193 Cal.Rptr. 547, 666 P.2d 989]; *Laird* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 198, 201 [195 Cal.Rptr. 44].) Section 139.5 imposes on employers "a mandatory duty to provide rehabilitation benefits to employees who choose them [citations] and . . . vest[s] in injured workers a statutory entitlement to those benefits. [Citation.]" (*Laird, supra,* at pp. 201-202.)

The Legislature's purpose in enacting section 139.5 was to enable injured workers to participate in rehabilitation training to the fullest extent possible. (*LeBoeuf* v. *Workers' Comp. Appeals Bd., supra,* 34 Cal.3d at p. 244.) In furtherance of this goal, the administratively promulgated regulations governing rehabilitation specifically provide that contested issues which may arise between employer and employee must be resolved by the Bureau as a condition precedent to further procedure. (Cal. Admin. Code, tit. 8, ch. 4.5, § 10007, subd. (a).) The Bureau, not the employer, is vested with the authority to modify, interrupt, or terminate a vocational rehabilitation plan (Cal. Admin. Code, tit. 8, ch. 4.5, § 10007, subd. (c)); and the regulations do not condone unilateral termination of VRTD benefits by the employer without a pretermination hearing or Bureau order (*Laird* v. *Workers' Comp. Appeals Bd., supra,* 147 Cal.App.3d at pp. 203-204; Cal. Admin. Code, tit. 8, ch. 4.5, § 10016, subd. (a)).

In *Laird* the court concluded that under section 7 of article I of the California Constitution and the Fourteenth Amendment to the United States Constitution rehabilitation benefits may only be terminated prospectively pending determination of the injured worker's appeal where no pretermination hearing analogous to that required by a former version of California Administrative Code, title 8, chapter 4.5, section 10007, subdivision (a) is provided by the Bureau.[2] (*Laird* v. *Workers' Comp. Appeals Bd., supra,*

---

[2]The decision in *Laird* discusses a former version of California Administrative Code, title 8, chapter 4.5, section 10007, subdivision (a), which provided in pertinent part: "After allowing the parties an opportunity to be heard and to present information supporting their

147 Cal.App.3d at p. 204.) In reaching that conclusion, the court noted the strong policy of this state to encourage the fullest possible participation by injured workers in rehabilitation training (*id.*, at p. 202) and relied on the principle that, when state action threatens to deprive a qualified person of benefits to which he is entitled, due process of law requires a timely and meaningful opportunity to be heard. (*Ibid.*)

■ In the instant case, City filed a request for case closure and applicant timely objected thereto. Despite applicant's objection and without awaiting a conference or decision by the Bureau, City unilaterally discontinued paying VRTD benefits. City's conduct in terminating VRTD benefits directly contravened the *Laird* decision and denied applicant due process of law as guaranteed by the United States and California Constitutions, thus justifying the WCJ's imposition of the 10 percent penalty pursuant to section 5814.

■ *Mathews* v. *Eldridge* (1976) 424 U.S. 319 [47 L.Ed.2d 18, 96 S.Ct. 893], upon which the Board relies, is distinguishable from the facts of the instant case. In *Mathews* the court concluded that the federal Constitution did not require a hearing before Social Security disability benefits could be terminated because existing pretermination procedures adequately minimized the risk of an erroneous deprivation of the right to receive benefits. (*Mathews, supra*, at pp. 335-349 [47 L.Ed.2d at pp. 33-41].) The administrative system under review in *Mathews* required that, before benefits could be terminated, the recipient was to be provided with a copy of the agency's tentative assessment, the reasons therefor, and a summary of the evidence upon which the proposed decision was based and that the recipient

---

respective positions, the Bureau shall issue its findings and serve copies on the parties." (Cal. Admin. Code, tit. 8, ch. 4.5, § 10007, subd. (a), Cal. Admin. Register 81, No. 25-A.) Effective August 1, 1983, approximately two months before *Laird* was decided, California Administrative Code, title 8, chapter 4.5, section 10007, subdivision (a) was amended to delete the language "an opportunity to be heard." (Cal. Admin. Code, tit. 8, ch. 4.5, § 10007, subd. (a), Cal. Admin. Register 83, No. 30-A.)

California Administrative Code, title 8, chapter 4.5, section 10007 currently provides in relevant part: "(a) Where there are questions concerning an employee's entitlement to vocational rehabilitation services, or an employer's failure to offer a rehabilitation plan to the employee, or where a plan is unacceptable to the employee or employer, the Bureau, either on its own motion or upon the request of either party, may: [¶] (1) require the parties to submit written statements of position relative to any disputed issues, or [¶] (2) meet and confer informally prior to granting a conference, or [¶] (3) schedule a conference, or [¶] (4) order necessary and reasonable medical examinations and vocational examinations to be conducted at the expense of the employer, or [¶] (5) refer to submitted medical and vocational reports to determine the practicality of, need for and kind of vocational rehabilitation services, if any, necessary to provide the employee with an opportunity to return to suitable gainful employment. [¶] After allowing the parties an opportunity to present information supporting their respective positions, the Bureau shall issue its determination and serve copies on the parties. [¶] . . . . [¶] (c) Upon the request of either the employee or employer, or upon its own authority, the Bureau may modify, interrupt or terminate a vocational rehabilitation plan."

have an opportunity to review the evidence in his case file and submit additional written evidence. (*Id.*, at pp. 337-338 [47 L.Ed.2d at pp. 34-35].) Because the California Administrative Code does not expressly provide similar procedural safeguards before VRTD benefits may be terminated, we have concluded that *Laird* properly held that in the absence of a pretermination hearing California Administrative Code, title 8, chapter 4.5, section 10007 violates article I, section 7 of the California Constitution and the Fourteenth Amendment to the United States Constitution "unless the Bureau continues [VRTD] benefits pending decision on appeal after hearing before a workers' compensation judge." (*Laird* v. *Workers' Comp. Appeals Bd.*, *supra*, 147 Cal.App.3d at p. 201.) California Administrative Code, title 8, chapter 4.5, section 10007 does not contain requirements analogous to those present in *Mathews*, and California Administrative Code, title 8, chapter 4.5, section 10958 provides that, if the Bureau's decision is appealed to the Board, "the burden of proof shall be on the person disputing the finding or determination of the Rehabilitation Bureau."

*Mathews* is distinguishable for the further reason that the employee's right to continued receipt of VRTD benefits is rooted both in the due process clauses of the California and United States Constitutions and in article XIV, section 4 of the California Constitution.[3] ■ "The Supreme Court has repeatedly recognized that [the] rule of liberal construction shall be applied to all aspects of the workers' compensation laws [citations], noting that the underlying policy of the workers' compensation statutes and their constitutional foundation [(Cal. Const., art. XIV, § 4)], as well as the recurrent theme of countless appellate decisions on the matter, has been one of pervasive and abiding solicitude for the worker. [Citations.]" (*Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633,

---

[3]Article XIV, section 4 of the California Constitution provides in pertinent part: "The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability, . . . incurred or sustained by the said workers in the course of their employment, irrespective of the fault of any party. A complete system of workers' compensation includes adequate provisions for the comfort, health and safety and general welfare of any and all workers . . . to the extent of relieving from the consequences of any injury . . . incurred or sustained by workers in the course of their employment, irrespective of the fault of any party; . . . full provision for such . . . remedial treatment as is·requisite to cure and relieve from the effects of such injury; . . . full provision for . . . securing the payment of compensation; and full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character; all of which matters are expressly declared to be the social public policy of this State, binding upon all departments of the State government. . . ."

638 [211 Cal.Rptr. 683]; e.g., *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-634 [170 Cal.Rptr. 32, 620 P.2d 618].)

■ Section 5814 "makes it abundantly clear that an employer . . . has no absolute right to delay the provision of benefits until a formal hearing." (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200]; *Jardine* v. *Workers' Comp. Appeals Bd.* (1984) 163 Cal.App.3d 1, 7 [209 Cal.Rptr. 139].) As heretofore stated, the WCJ correctly found that City's unilateral termination of applicant's rehabilitation benefits without awaiting the Bureau hearing contravened the *Laird* decision.

■ In the instant case the Bureau as amicus curiae disputes the *Laird* court's conclusion that "[t]he burden on the Bureau to provide a hearing appears to be slight when weighed against the potential impact on the injured worker." (*Laird* v. *Workers' Comp. Appeals Bd.*, *supra*, 147 Cal.App.3d at p. 203.) While we are cognizant of the financial burden on the Bureau to provide pretermination hearings, the employee who is unable to work at his former occupation due to a work-related injury has a compelling interest in continued receipt of VRTD benefits. (*Laird*, *supra*, at p. 203.) We agree with the *Laird* court's conclusion that the employee's interest outweighs the potential impact on the Bureau.[4] (*Ibid.*)

■ Since the Board's decision rescinding the WCJ's finding and award of the penalty was erroneous as a matter of law on the undisputed facts, its decision must be annulled. (See *Perez* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 60, 65 [199 Cal.Rptr. 280].)[5]

The August 2, 1984, decision of respondent Board and its September 10, 1984, order denying reconsideration are annulled.

Gilbert, J., and Abbe, J., concurred.

Respondents' petitions for review by the Supreme Court were denied March 27, 1986.

---

[4]The Bureau asserts that it is not an appropriate forum for dispute resolution because the rehabilitation process is designed to be cooperative and the Bureau's consultants have not received legal training. We note, however, that California Administrative Code, title 8, chapter 4.5, section 10007 provides for the Bureau to grant conferences to resolve disputes regarding rehabilitation plans, and the Bureau concedes that it often holds such conferences.

[5]We fully expect that the Bureau will comply with our decision. City's contention that, should the Bureau fail to provide a hearing, City would be denied due process is premature and not properly before this court.