[No. B018480. Second Dist., Div. Six. Oct. 8, 1986.]

JESSE MORALES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF VENTURA, Respondents.

**COUNSEL**

Frank & Rosenfeld and Irving Rosenfeld for Petitioner.

Graves & Roberson, Marshall W. Graves, Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondents.

**OPINION**

**STONE, P. J.**—We review the order of respondent Workers' Compensation Appeals Board (Board) denying reconsideration of the findings and order of the workers' compensation judge (WCJ) determining that petitioner and applicant, Jesse Morales, was not an employee of respondent County of Ventura (County) at the time of his alleged injury.

We conclude that the Board erred in determining that applicant was not an employee of County.

Applicant was sentenced to a term of 60 days confinement in county jail. He began serving the sentence approximately September 18, 1984. The parties stipulated that as normal policy the sentence was reduced by 10 days, making November 6, 1984, the last day applicant was to be confined. The parties further stipulated that while applicant was serving the sentence, County's corrections services agency "exercised [the] jurisdiction which it had to select and offer the applicant a work release program." On October 2, 1984, applicant signed a document listing the rules and regulations of the agency's program and stating that applicant agreed to comply with the rules and regulations. The document also bears the signature of a corrections services agency staff member who witnessed applicant's signing of the document.

The introductory paragraphs read: "You have been selected to participate in the Work Release Program in lieu of confinement. Your jail sentence will not be completed until you successfully complete the required hours of voluntary community work assigned to you. [¶] *Failure by you to complete the program, or failure by you to comply with the Program Rules and Regulations will result in your being returned to the county jail to complete your sentence, subject to a loss of good time. You may also have additional criminal charges filed against you.*" (Original italics.) The rules and regulations are then listed. They include a warning that failure to report to work or leaving a worksite without permission would be considered a violation of Penal Code section 4024.2, subdivision (b),[1] a provision that applicant was required to remain within the County until completion of the program, and a statement that applicant was "required to complete 8-10 hours of voluntary community work for each day of [his] jail sentence." The sole consideration applicant received for his participation in the program was release from physical confinement.

In the work release program applicant worked daily from 7:30 a.m. to 5 p.m. at Oxnard Airport under the direction of County employees and agents.

---

[1]In 1984 Penal Code section 4024.2 provided in pertinent part: "(a) Notwithstanding any other provision of law, the board of supervisors of any county may authorize the sheriff or other official in charge of county correctional facilities to offer a voluntary program under which any person committed to such facility may perform 10 hours of labor on the public works or ways in lieu of one day of confinement.

"...

"(b) . . . As a condition of participating in a work release program, a person shall give his or her promise to appear for work by signing a notice to appear before the sheriff at a time and place specified in the notice. . . . Any person who willfully violates his or her written promise to appear before the sheriff at the time and place specified in the notice is guilty of a misdemeanor." (Stats. 1983, ch. 834, § 1, pp. 3005-3006.)

Applicant testified that on November 6, 1984, he sustained an injury to his back while attempting to move a heavy tree during the performance of his duties under the work release program.

The WCJ found that "[a]pplicant sustained his alleged injury while performing work activities as a prisoner at Oxnard Airport, working pursuant to the work release program" and that "[a]pplicant was not an employee of the County of Ventura at the time and place of the alleged injuries." In his opinion on decision the WCJ explained that he based his decision on *Parsons* v. *Workers' Comp. Appeals Bd. (County of Tulare)* (1981) 126 Cal.App.3d 629 [179 Cal.Rptr. 88].

Applicant petitioned for reconsideration. In his report and recommendation upon applicant's petition for reconsideration, the WCJ stated that his findings should be augmented "by the additional fact that applicant voluntarily entered into the work release program." Noting that applicant relied on *State Compensation Ins. Fund* v. *Workmen's Comp. App. Bd. (Childs)* (1970) 8 Cal.App.3d 978 [87 Cal.Rptr. 770], he stated that "[i]f the rule of the *Childs* case is that voluntary participation in work which is not required as incidental to incarceration results in an inmate being an employee of the County, the applicant's contention [that he was an employee] would appear to be correct." Explaining that there was no credit on the sentence and no monetary compensation, however minimal, he stated, "The conclusion [in the present case] was that there was a lack of any consideration paid applicant herein, and that the employment relationship did not exist." The WCJ recommended denial of reconsideration. The Board adopted and incorporated the WCJ's report and denied reconsideration.

Applicant contends that he was an employee of County. Based on the stipulation that applicant was selected for and offered participation in the work release program, respondents County and the Board contend the contrary.

Labor Code section 3351 defines an employee as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed" and lists various examples including "(e) All persons incarcerated in a state penal or correctional institution while engaged in assigned work."[2] Section 3352 lists categories of workers that are excluded from the definition of employee. Neither section 3351 nor section 3352 mentions county jail inmates. Section 3357 provides: "Any person rendering service for another, other than as an independent contractor, or unless

---

[2]All further section references are to the Labor Code except where otherwise noted.

expressly excluded herein, is presumed to be an employee." The Labor Code does not expressly exclude county jail inmates from the definition of employee.

Penal Code section 4017 provides that a county jail inmate may be required by an order of the board of supervisors to perform labor on the public works and ways of the county or aid in firefighting and that, if injured while firefighting, the inmate shall be considered an employee for workers' compensation purposes. County has implemented Penal Code section 4017 by the enactment of section 6213 of the Codified Ordinances of the County of Ventura, which provides that male county jail inmates may be required by the sheriff to perform labor upon "any public grounds . . . or any other places deemed advisable" within the county "during the time they are so confined." (*Ibid.*) ■ Since the document signed by applicant makes repeated reference to the performance of "voluntary community work," Penal Code section 4017 is inapplicable. We note that respondents do not contend that applicant's work was required pursuant to an order of the board of supervisors.

■ In *Pruitt* v. *Workmen's Comp. App. Bd.* (1968) 261 Cal.App.2d 546 [68 Cal.Rptr. 12], a county jail inmate who was serving a six-month sentence volunteered to work for the city at a sewage plant pursuant to an arrangement between the city and county. In exchange for his work the county gave him five days credit for each thirty days that he worked and the city furnished one carton of cigarettes each week. The court stated that the principal consideration received by the applicant was credit toward completion of the sentence and "an interlude release from jail confinement" (*id.*, at p. 553) and held that payment of wages is not essential for the existence of a contract of employment under the Workers' Compensation Act. (*Pruitt, supra,* 261 Cal.App.2d at p. 553.) Noting that Penal Code section 4017 does not address the availability of workers' compensation benefits for county jail inmates who are injured while voluntarily working for a third party, the court held that when a county jail inmate is loaned to a third party for work on a voluntary basis and works under the control of the third party, there is an implied contract of hire within the meaning of Labor Code section 3351 even if the only consideration received by the inmate is of nominal value. (*Pruitt, supra,* 261 Cal.App.2d at pp. 552-553; cf. *Laeng* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 771, 776-783 [100 Cal.Rptr. 377, 494 P.2d 1] [person injured during tryout for job is employee for workers' compensation purposes].) In reaching this conclusion, the court relied on the statutory and constitutional policy that workers' compensation provisions be liberally construed in favor of the worker. (*Pruitt, supra,* at p. 553; see § 3202; Cal. Const., art. XIV, § 4 [formerly Cal. Const., art. XX, § 21]; *Veilleux* v. *Workers' Comp. Appeals Bd.* (1985)

175 Cal.App.3d 235, 241-242 [220 Cal.Rptr. 568] [constitutional foundation of rule of liberal construction].)

In *State Compensation Ins. Fund* v. *Workmen's Comp. App. Bd. (Childs)*, *supra,* 8 Cal.App.3d 978, a county jail inmate was injured while working as a member of a road gang. He voluntarily performed the work and was paid 50 cents per day. Noting that the record was "devoid of reference" (*id.,* at p. 982) to any ordinance requiring county prisoners to perform such work, Division Five of this court held that, absent such an ordinance, the applicant was an employee of the county because the work was voluntary, it was performed under the direct control and supervision of county agents, and he was paid for the work. (*Id.,* at p. 983, citing former Cal. Const., art. XX, § 21 [now Cal. Const., art. XIV, § 4]; Lab. Code, § 3202.) Reasoning that voluntary work programs promote rehabilitation of inmates, Division Five stated that to preclude the right of an inmate to be compensated for an injury sustained while performing voluntary labor would discourage enlistment of county prisoners in voluntary work programs. (*Childs, supra,* 8 Cal.App.3d at p. 983.)

In *Parsons* v. *Workers' Comp. Appeals Bd. (County of Tulare), supra,* 126 Cal.App.3d 629, the applicant had been granted probation on condition that he serve 45 days in a county correctional road camp. During his confinement he was ordered to work in the kitchen at the road camp and was injured while performing his work. Tulare County ordinances and resolutions enacted pursuant to Penal Code section 4017 required county correctional road camp inmates to work. (*Parsons, supra,* 126 Cal.App.3d at p. 639.)

The *Parsons* court stated that the traditional features of an employment contract are consent of the parties, consideration for services rendered, and control by the employer over the employee. (*Id.,* at p. 638.) The court explained that, while these requirements should not be rigidly applied, a consensual relationship between the worker and his alleged employer is essential to the existence of an employment contract under section 3351. (*Parsons, supra,* 126 Cal.App.3d at p. 638.) The court held that since the applicant's term at the road camp was a condition of probation and county ordinances and resolutions compelled road camp inmates to work, there was no consensual employment relationship. (*Id.,* at pp. 638-639.) In so holding, the court stated: "It cannot be said that petitioner 'bargained' for or 'consented' to work 45 days, i.e., not by any stretch of imagination did petitioner argue at the sentencing hearing that he would work 45 days if given probation. His choice was between regular sentencing or probation with the included condition that he serve 45 days at the road camp. In short, petitioner accepted an act of judicial leniency. [¶] Petitioner challenges

reality by arguing that his work became consensual in nature once he arrived at the camp because he could have refused to work and be placed in jail. Absent exceptional circumstances such as ill health, no rational probationary prisoner sent to the road camp would jeopardize his probation by refusing to work." (*Id.*, at p. 639.)

The *Parsons* court pointed out that the applicant received no consideration for his labor other than what he would have received had he served his time in jail. (*Ibid.*) In that regard, the court stated that the privilege of working at the camp rather than being confined in jail did not qualify "as sufficient consideration to support an employment relationship." (*Ibid.*) The *Parsons* court concluded that section 3357's presumption of employee status had been overcome by the lack of any consensual relationship and the absence of any legally cognizable benefit for the applicant's labor. (*Parsons, supra,* 126 Cal.App.3d at pp. 638-639.)

Unlike the situation in *Parsons,* applicant in the present case was serving a regular jail sentence when he was offered the opportunity to perform voluntary community work. In exchange for his agreeing to work, he was recompensed by being allowed to reside anywhere within the county and was no longer confined to jail.

■ Our Supreme Court has recognized that correctional facility inmates can enter consensual work agreements with the government. ■ In *California Highway Com.* v. *Indus. Acc. Com.* (1926) 200 Cal. 44 [251 P. 808, 49 A.L.R. 1377], our Supreme Court construed legislation providing that the State Highway Commission could employ on the highways convicts who were confined in state prison. The court held that a state prisoner who accepted an offer to work for the State Highway Commission and who received credit toward completion of his sentence and wages for his work was an employee. (*Id.*, at pp. 46-49.) In so holding, the court observed that the prisoner was not required to accept the work. (*Id.*, at p. 49.)

In light of the evidence in the present case that applicant was not required to accept the offer to participate in the work release program, respondents' contention based on *Parsons* v. *Workers' Comp. Appeals Bd., supra,* 126 Cal.App.3d 629, must fail. Here, as in *Parsons,* applicant received neither work-time credit nor monetary compensation for his labor; however, consideration other than wages may support a contract of hire within the meaning of section 3351. (*Laeng* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d at pp. 776-783; *Pruitt* v. *Workmen's Comp. App. Bd., supra,* 261 Cal.App.2d at p. 553.) Release from confinement during the hours applicant was not performing work for the county was consideration at least as substantial as the 50 cents per day held sufficient by Division Five of this court in *State*

*Compensation Ins. Fund* v. *Workmen's Comp. App. Bd. (Childs), supra,* 8 Cal.App.3d 978.

Applying the section 3357 presumption of employee status and the rule of liberal construction in favor of the employee (§ 3202; Cal. Const., art. XIV, § 4; see *Veilleux* v. *Workers' Comp. Appeals Bd., supra,* 175 Cal.App.3d at pp. 241-242) to the circumstances of this case, we hold that applicant was an employee at the time of his alleged injury.

The December 3, 1985 order of respondent Workers' Compensation Appeals Board denying reconsideration is annulled, and the case is remanded to that board for further proceedings consistent with the views expressed herein.

Gilbert, J., concurred.

**ABBE, J.**—I respectfully dissent.

In my view, the situation in this case and *Parsons* v. *Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 629 [179 Cal.Rptr. 88], are indistinguishable. Just as the applicant in *Parsons* did not volunteer to work in the road camp by accepting the conditions of probation in lieu of serving a regular sentence, applicant here did not volunteer to participate in the work release program by accepting the county's offer since the alternative would have been to continue to serve his sentence in jail.

Using the language of the court in *Parsons, supra,* 126 Cal.App.3d at page 639, applicant "challenges reality" by contending that his work became consensual once he was asked whether he would be interested in the work release program in lieu of being confined in jail. The prospect of continued incarceration is the compulsion by which work in the work release program is forced. One does not rationally choose incarceration over liberty, even if that liberty has limits and controls.

Applicant went to work in the work release program because he did not want to stay in jail, not because he desired to perform voluntary community work.

I would affirm the findings of the workers' compensation judge and the WCAB that applicant was not an employee of the county.

The petition of respondent County of Ventura for review by the Supreme Court was denied December 30, 1986.