[No. B020609. Second Dist., Div. Six. Apr. 8, 1987.]

EDDIE RIVERA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, DEPARTMENT
OF YOUTH AUTHORITY et al., Respondents.

COUNSEL

William A. Herreras and Gail S. Taylor for Petitioner.

Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva, Robert A. La Porta, Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondents.

OPINION

STONE, P. J.—Petitioner Eddie Rivera (applicant) seeks review of a decision of respondent Workers' Compensation Appeals Board (Board) reinstating the decision of the Rehabilitation Bureau (Bureau) which terminated

applicant's rehabilitation benefits. We conclude that the Board erred in determining that applicant's appeal from the Bureau decision was procedurally defective.

Applicant, while employed as a peace officer by defendant California Youth Authority, sustained industrial injury in March 1980 resulting in a permanent disability award and a compromise and release of all his claims except entitlement to rehabilitation benefits.

After his initial request for rehabilitation benefits, Bureau proceedings commenced and he was paid vocational-rehabilitation temporary-disability indemnity. Following consultation, a rehabilitation plan was developed and submitted to the Bureau. The Bureau approved the plan; however, the planned program proved unsuccessful. A Bureau conference was then requested in an attempt to salvage applicant's rehabilitation. The conference was held before Mr. Breffitt, the Bureau's consultant. Applicant and his counsel were present. In view of failure of the plan, Mr. Breffitt referred applicant to an independent vocational evaluator for opinion as to applicant's status as a qualified injured worker.

Following interviews and counseling, the evaluator found that applicant was hostile, rude, uncooperative, and unrealistic in his approach to rehabilitation; and that no reasonable expectation existed for applicant's return to competitive labor through vocational rehabilitation services.

Defendant's adjusting agency then indicated that it would seek closure of rehabilitation benefits, whereupon applicant requested a hearing. The Bureau consultant by telephone advised applicant's counsel that the Bureau would not grant the request for hearing. Consequently, on May 1, 1984, applicant filed with the workers' compensation judge (WCJ) a declaration of readiness to proceed, stating: "Rehab Appeal (Request for Conference—see attached); per telephone conference with consultant, Mr. Breffitt he refuses to set a conference; a hearing is necessary . . . principal issues are — . . . Request for Order to hold conference . . . Alternatively—a request for extension of Rehab benefits and continuing VRTD [vocational rehabilitation temporary disability] . . . ."

Thereafter, on May 7, 1984, the Bureau issued its formal decision and order, based on the evaluator's report, that applicant cannot reasonably be expected to return to suitable gainful employment through vocational rehabilitation services, and accordingly can no longer be considered a qualified injured worker under California Administrative Code, title 8, chapter 4.5, section 10003, subdivision (c)(2).

The WCJ set applicant's readiness declaration for hearing as an appeal. Several medical reports were received in evidence at the hearing, including a May 1984 report of Dr. Smith that applicant was physically able to return to some occupations, such as a paralegal. Consultant Breffitt testified that the procedural rules as to "documentation and adequacy" in filing an appeal are "widely not followed," and "the [WCJs] generally allow supplementation and proceed to [determine the appeal] on the merits of the case." Mr. Breffitt testified further that he based his termination order on the report of the evaluator he had appointed at the "oral conference" on December 13, 1983; he expected the "*Laird* principle" (*Laird* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 198 [195 Cal.Rptr. 44]) would be applied, and so advised defendant; and defendant "appeared to be unhappy with the process of continuing benefits or possibly continuing benefits." Mr. Breffitt also testified that he received no new medical reports since December of 1983; the rule permitting remand to him on appeal "would serve no useful purpose in this case"; and he "believed that was necessary to move the case on to the Board level for a determination of the issue which he had already concluded."

The WCJ ordered the Bureau's decision set aside and the case remanded to the Bureau for reevaluation, hearing, and consideration of any new or additional cumulative evidence presented by either party; and to then issue an appropriate order, preserving the rights of the parties to appeal that order. The WCJ concluded that the record is overwhelmingly clear that applicant indicated to his counsel he wanted to be heard before a decision was made, and yet was not granted a hearing; and that a hearing should have been granted, and is "mandated by elementary rules of due process as enumerated in the *Laird* case." The WCJ opined further that the Bureau "would be well advised to hear people before they shut them off."

The Board granted reconsideration, reversed the WCJ, and reinstated the Bureau's May 7, 1984, decision terminating rehabilitation benefits. The Board, citing its panel decision in another case (*Perez* v. *Eagle Truck Line, Inc.* (1979) 44 Cal.Comp.Cases 1030, 1032), opined that applicant's readiness declaration did not comply with the formal requirements of pleading set forth in sections 10008, 10955, and 10956 of title 8 chapter 4.5, of the California Administrative Code so as to constitute a "proper petition or appeal from the Bureau's decision" in that no " 'petition' " was filed. In view of that conclusion, the Board did not address on the merits the issue whether applicant had been denied his due process right to a hearing before the Bureau terminated rehabilitation.

Applicant then petitioned for reconsideration, urging that the Board's decision was condoning and promoting form over substance. The Board

rejected this assertion, and again disposed of the matter on the ground that applicant's readiness declaration did not satisfy the formal requirements for an appeal from the Bureau's decision, noting an additional factor that the declaration was filed (on May 1, 1984) prior to the Bureau's May 7, 1984 decision, and that the Board's rules of practice and procedure "must be followed, otherwise the [Board] would be inundated with 'appeals' or Declarations of Readiness to Proceed on the issue of rehabilitation when that issue was still pending at the Rehabilitation Bureau." This in turn would result in confusion and frustration of Board proceedings and "would not serve to promote the constitutional mandate to process workers' compensation cases expeditiously and without [i]ncumbrances of any character."

██, ██ The Board clearly erred in reversing the WCJ and reinstating the Bureau's decision. In basing its ruling on the procedural technicality that applicant's readiness declaration did not meet the formal requirements for filing an appeal from the Bureau decision, the Board overlooked case law that workers' compensation pleadings and proceedings are informal and not utilized to preclude Board jurisdiction. (See *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324 [90 Cal.Rptr. 431, 475 P.2d 663]; *Blanchard* v. *Workers' Comp. Appeals Bd.* (1975) 53 Cal.App.3d 590 [126 Cal.Rptr. 187]; *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204 [69 Cal.Rptr. 516].) The Board also overlooked the constitutional mandate (Cal. Const., art. XIV, § 4), the legislative mandate (Lab. Code, § 3202), and repeated decisions of the Supreme Court (see *LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 241 [193 Cal.Rptr. 547, 666 P.2d 989]; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621 [170 Cal.Rptr. 32, 620 P.2d 618]; *Veilleux* v. *Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 235, 241 [220 Cal.Rptr. 568]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 638 [211 Cal.Rptr. 683]) that workers' compensation laws be liberally construed in favor of affording substantial justice to injured workers. As stated in *Beveridge* v. *Industrial Acc. Com.* (1959) 175 Cal.App.2d 592, 598 [346 P.2d 895], "applicant's claim is entitled to adjudication upon substance rather than upon formality of statement."

██ The Board's reasoning that to permit applicant's readiness declaration to formally satisfy the requirements for filing an appeal "would not serve to promote the constitutional mandate to process workers' compensation cases expeditiously and without [i]ncumbrance of any character" neglects the key phrase, "substantial justice," in that mandate. California Constitution, article XIV, section 4 mandates that the Board, in determining disputes, ". . . shall accomplish *substantial justice* in all cases expeditiously . . . and without incumbrance of any character . . . ." (Italics added.) Here, the Board did indeed rely on form at the expense of substance to avoid resolving the matter on the merits.

The Board's reliance on its panel decision in the *Perez* case (*supra,* 44 Cal.Comp.Cases 1030) is misplaced. In *Perez* the defendant filed a readiness declaration instead of a formal petition when seeking to appeal a Bureau order. The Board (*id.,* at p. 1033) criticized the "widespread practice" of filing a readiness declaration in lieu of a formal petition, and noted that a petition appealing a Bureau order should state in sufficient detail the issues on which relief is sought and facts which would justify the relief. Nevertheless, the Board, in view of the widespread practice of filing readiness declarations in lieu of formal petitions, permitted defendant to file a proper petition appealing the Bureau decision.

In a subsequent panel decision (*Machado* v. *Royal Ins. Co.* (1983) 80 L.A. 456-970, 11 Cal. Workers' Comp. Rptr. 125), where applicant filed a readiness declaration in lieu of a formal petition, the Board panel, interpreting *Perez,* concluded that the readiness declaration satisfied the formal requirement for an appeal since it sufficiently specified the issues.

Here, applicant's readiness declaration specifically stated that it was an appeal from the Bureau decision; it specified the issue on appeal that the Bureau denied applicant's right to a pretermination hearing; and it set forth facts regarding such denial. Thus, the WCJ correctly entertained jurisdiction of the readiness declaration as an appeal on the merits; and the Board erred in deciding to the contrary.

Finally, the Board's belated resort to alleged "prematurity" of the readiness declaration as justification for the Board's decision is of no avail. Applicant's readiness declaration (appeal) was filed on May 1, 1984, after the Bureau consultant had orally advised applicant's counsel of the Bureau's intended decision, which decision was not formally filed until May 8, 1984. Since an appealable order was in fact entered by the Bureau, applicant's readiness certificate should be given full effect even though filed before the written order was entered. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 412, pp. 410-411.)

In view of the foregoing, the Board erred in determining that applicant's appeal from the Bureau decision was procedurally defective. Consequently, the Board's decision must be annulled, and the matter remanded to the Board for a decision on the merits of applicant's petition for reconsideration, including determination whether applicant was afforded his due process right to a hearing by the Bureau in accordance with *Veilleux* v. *Workers' Comp. Appeals Bd., supra,* 175 Cal.App.3d 235 and *Laird* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 198 [195 Cal.Rptr. 44].

The April 8, 1986, decision of respondent Workers' Compensation Appeals Board denying reconsideration, as well as its February 28, 1986,

decision after reconsideration setting aside the June 22, 1984, order of the workers' compensation judge and reinstating the Rehabilitation Bureau's May 7, 1984 decision, are annulled; and the matter is remanded to the Workers' Compensation Appeals Board for determination on the merits of applicant's appeal from the Rehabilitation Bureau's decision.

Gilbert, J. and Abbe, J., concurred.

Respondents' petition for review by the Supreme Court was denied June 17, 1987.