[No. B037630. Second Dist., Div. Six. June 20, 1989.]

WILLIAM POOLE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and KNUDSEN
CORPORATION, Respondents.

COUNSEL

William A. Herreras and John W. Messer for Petitioner.

Timothy M. Ehritt and Allen, Rhodes & Sobelsohn for Respondents.

OPINION

**STONE (S. J.), P. J.**—We review an order in which the Workers' Compensation Appeals Board (Board) determined the Rehabilitation Bureau (Bureau) lacked jurisdiction to award further vocational rehabilitation benefits because the Bureau had previously closed applicant's case and his request for further benefits was filed more than five years after the date of injury. Since the record reflects that as a matter of law the Bureau intended to suspend rather than close applicant's case, we conclude the Bureau had jurisdiction to award further benefits.

On April 6, 1979, applicant sustained an industrial injury to his back during his employment as a route salesman by Knudsen Corporation. He timely requested and received vocational rehabilitation services.

In August 1985 applicant's rehabilitation counselor reported applicant wanted to suspend his participation in rehabilitation because of the level of his discomfort. Noting applicant intended to obtain further medical treatment and was considering a myelogram, the counselor recommended the Bureau suspend applicant's case. The employer then requested the case be closed on the grounds applicant declined rehabilitation.

In a decision signed by Rehabilitation Consultant Breffitt and dated May 23, 1986, the Bureau ordered closure on the grounds applicant could not then be expected to benefit from rehabilitation. Although more than five years had elapsed since the date of injury, the Bureau informed applicant in the order that he must request further rehabilitation benefits within five years after the date of injury. Applicant did not appeal to the workers' compensation judge (WCJ) from the May 23, 1986 order.

Applicant subsequently requested further rehabilitation. On January 27, 1988, Consultant Breffitt ordered reinstatement of rehabilitation, stating review of the file indicated closure was not granted on the basis requested but rather was granted on a suspension basis because applicant was suspending participation to seek additional medical evaluation and treatment and had not declined rehabilitation. Consultant Breffitt concluded the Bureau had jurisdiction to award further benefits because rehabilitation had merely been suspended. He noted the language in the May 23, 1986, order that applicant must request reinstatement of rehabilitation within five years after the date of injury was incorrect because the case was suspended.

The employer appealed to the WCJ from the Bureau's January 27, 1988, order. The record reflects that only documents in the Bureau's file were considered in the resolution of the employer's appeal. The WCJ originally

concluded the Bureau had jurisdiction to award further rehabilitation benefits because applicant's disability had not yet been found permanent and stationary; however, in his report on the employer's petition for reconsideration, the WCJ stated the May 23, 1986, order was an unqualified closure order and the Bureau lacked jurisdiction to award further benefits.

Upon reconsideration, the Board determined the May 23, 1986, order was a closure order and applicant's request for further rehabilitation benefits was untimely because it was made more than five years after the date of injury.

Applicant petitioned for reconsideration of the Board's decision, and the Board denied reconsideration.

■ Applicant contends that since Consultant Breffitt explained his May 23, 1986, order was a suspension order, the Bureau had jurisdiction to award further rehabilitation benefits.

■ Regardless of the lapse of time or finality of a judgment, a court may on its own motion correct a clerical error in the judgment even if the error was made by the court and consisted of a failure to provide for reservation of jurisdiction. (*In re Marriage of Sheridan* (1983) 140 Cal.App.3d 742, 746 [189 Cal.Rptr. 622]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 70, pp. 505-506.) ■ Similarly, in the present case, the Bureau could correct a clerical error in its May 23, 1986, order. (Cf. *Toccalino* v. *Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 543, 558 [180 Cal.Rptr. 427] [Board may correct clerical error at any time].)

In determining whether the May 23, 1986, order was intended to be a closure order, the Board should have given great weight to the written comments of Consultant Breffitt, who, having signed the May 23, 1986, and the January 27, 1988, orders, was in the best position to know what the Bureau had intended. Inasmuch as no evidence was introduced contrary to Consultant Breffitt's comments in the January 27, 1988, order, the Board erred in determining the May 23, 1986, order was a closure order. (Cf. *Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 280-281 [113 Cal.Rptr. 162, 520 P.2d 978]; *Garza* v. *Workmen's Comp. Appeals Bd.* (1970) 3 Cal.3d 312, 319 [90 Cal.Rptr. 355, 475 P.2d 451].) As a matter of law the record reflects that on May 23, 1986, the Bureau intended to order suspension rather than closure.

■ Suspension of rehabilitation benefits is appropriate when an applicant's disability temporarily precludes participation in rehabilitation. (See *Seeley* v. *Workers' Comp. Appeals Bd.* (1988) 53 Cal.Comp.Cases 198, writ

den.) Before July 1, 1988, a Bureau order suspending rehabilitation for an unspecified period of time involved an implicit reservation of jurisdiction to award further rehabilitation benefits. (See *Owens-Illinois, Inc.* v. *Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 886, writ den.; *Bench* v. *Liberty Mutual Ins. Co.* (1983) 76 SBA 19130, 76 SBA 19131, 11 Cal. Workers' Comp. Rptr. 174, 175; Silberman & Wulz, Rehabilitation: The California System (4th ed. 1988) p. 22.)[1] Because rehabilitation was suspended, the Bureau has jurisdiction to award further rehabilitation benefits. (See *Owens-Illinois, Inc.* v. *Workers' Comp. Appeals Bd., supra,* 48 Cal.Comp.Cases 886, writ den.; *Bench* v. *Liberty Mutual Ins. Co., supra,* 76 SBA 19130, 76 SBA 19131, 11 Cal. Workers' Comp. Rptr. 174, 175; Silberman & Wulz, Rehabilitation: The California System, *op. cit. supra,* p. 22.)

The August 29, 1988, order of respondent Workers' Compensation Appeals Board denying reconsideration is annulled, and the matter is remanded to the Board for proceedings consistent with this opinion.

Gilbert, J., and Abbe, J., concurred.

---

[1] Effective July 1, 1988, the Administrative Director of the Division of Industrial Accidents adopted California Code of Regulations, title 8, chapter 4.5, section 10015 (rule 10015), which provides a suspension of rehabilitation may not exceed six months unless the Bureau orders otherwise.