[No. C031864. Third Dist. June 12, 2000.]

SACRAMENTO COUNTY OFFICE OF EDUCATION, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and CANDACE DeBOARD, Respondents.

108

## COUNSEL

Cuneo, Black, Ward & Missler and Richard A. Weyuker for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Law Offices of Thomas W. Anthony, Jr., and Thomas H. Fowler for Respondent Candace DeBoard.

## OPINION

**RAYE, J.**—Applicant Candace DeBoard, a teacher's aide, accidentally stepped into a hole, injuring her neck, back, leg and head. DeBoard participated in vocational rehabilitation plans but sought an interruption in rehabilitation because of a subsequent nonindustrial injury. DeBoard's employer, defendant Sacramento County Office of Education (County) advised DeBoard of the necessity of restarting vocational services by a certain date; if she failed to do so, she had five years from the date of injury to request reinstatement. DeBoard failed to restart vocational rehabilitation services

within this period, and the County notified DeBoard that services were terminated. DeBoard objected to the notice, and the rehabilitation unit found DeBoard not entitled to further services. DeBoard appealed to defendant Workers' Compensation Appeals Board (WCAB). The WCAB found the rehabilitation unit possesses continuing implied jurisdiction when a vocational rehabilitation plan is interrupted because of a medical condition, and granted DeBoard's appeal. The County filed a petition for review, arguing the WCAB loses jurisdiction to award further vocational rehabilitation benefits following an interruption of benefits more than five years after the date of injury in the absence of an express reservation of jurisdiction. We issued a writ of review and conclude the WCAB's decision is not supported by law.

FACTUAL AND PROCEDURAL BACKGROUND

Because of the nature of this appeal, a detailed chronology is necessary. While employed by the County as a teacher's aide, DeBoard stepped into a hole, injuring her neck, back, leg and head. The accident occurred on June 9, 1993, and DeBoard was identified as eligible for vocational rehabilitation on August 26, 1994.

On November 4, 1994, the parties agreed DeBoard was medically eligible to receive vocational rehabilitation services. The rehabilitation unit appointed an independent vocational evaluator on January 5, 1995. A vocational rehabilitation plan was signed on March 2, 1995, modifying De-Board's duties to accommodate her physical restrictions. A notice of termination of rehabilitation was issued on May 16, 1995.

Subsequently, DeBoard experienced difficulties with her modified duties. On August 31, 1995, she again requested vocational rehabilitation. A new vocational rehabilitation plan was drawn up and signed on December 21, 1995. On March 5, 1996, DeBoard requested an interruption of rehabilitation, and the parties agreed to an interruption of services to last six months, from March 4 to September 4, 1996.

On March 11, 1997, within five years of her injury, DeBoard requested additional vocational rehabilitation services. Vocational rehabilitation benefits were reinstated.

DeBoard participated in a third vocational rehabilitation program, this one to train her as an administrative assistant. The program began on May 30, 1997, and was scheduled to run until July 21, 1998.

While engaged in this vocational program, DeBoard suffered a nonindustrial injury when her Achilles tendon rolled and snapped. Because of her

injury, DeBoard was unable to continue participating in the vocational program. She requested an interruption of her vocational rehabilitation benefits. The County acknowledged her request on October 7, 1997.

On October 9, 1997, the County rehabilitation coordinator sent DeBoard a notice of interruption. The interruption period was to last five months, from October 6, 1997, through March 6, 1998. The notice stated, in part: "To restart vocational rehabilitation services, you must contact me no later than 3/6/98. All that is needed is for you to complete the second page of this form and return it to me. If you do not respond by 3/6/98, we will take no further action. You would then have five (5) years from the date of injury to request reinstatement."

DeBoard failed to request reinstatement of vocational rehabilitation prior to March 6, 1998, and did not request reinstatement of vocational rehabilitation within five years of the date of injury. The County sent DeBoard a notice of termination of vocational rehabilitation services. DeBoard objected to the notice and filed a request for dispute resolution.

Following a rehabilitation conference, the rehabilitation unit issued a determination in response to DeBoard's dispute resolution request. The unit found DeBoard was not entitled to additional vocational services. The unit explained: "There has been prior adjudication in this case. The unit has no jurisdiction to order reinstatement more than 5 years after the date of injury unless the rehabilitation unit had previously retained jurisdiction. . . . In this case there was no request that the unit retain jurisdiction beyond the 5-year statute date. The employee's objection to the notice of termination is denied." DeBoard appealed the rehabilitation unit's determination, arguing "in a situation where services have been interrupted for medical reasons . . . the Rehabilitation Unit maintains jurisdiction by way of an implied reservation of that jurisdiction."

The parties appeared before a workers' compensation judge (WCJ) for a hearing on DeBoard's appeal. The WCJ found the rehabilitation unit possessed continuing jurisdiction to award further vocational benefits. The WCJ held: "The defendant argues that the Rehabilitation Unit had no further jurisdiction to award benefits because the applicant did not request either reinstatement or reservation of jurisdiction before June 9, 1998. The applicant argues that jurisdiction is impliedly reserved, at least in those cases where inability to participate in an ongoing plan is caused by a medical problem. I agree. . . . If the interruption had expired *after* the five years had run, would the applicant have been compelled to request further services

during the interruption in order to meet the standard urged by the defendant? The rules do not provide guidance, but common sense tells us the answer is 'no.' *Clearly, jurisdiction is impliedly retained during pendency of the interruption.* This case is one step removed from that scenario, but it remains reasonable to find an implied reservation of jurisdiction so long as the applicant continues to be unable to participate because of the non-industrial medical condition. [Citations.]" (Second italics added.)

The County petitioned the WCAB for reconsideration. The WCAB denied reconsideration. In its report and recommendation on petition for reconsideration, the WCAB reasoned: "Assuming that an interruption impliedly reserves jurisdiction at least in those cases where the applicant is temporarily unable to participate because of a non-industrial injury, and further assuming that the 5 years expires during the interruption, must the applicant renew his or her request for interruption before the original interruption expires. Depending on the length of the interruption, and the timing of the expiration of the 5 years, the applicant might have to request another interruption or reinstatement of rehabilitation services rather quickly after the first interruption begins. This seems like an awkward rule, and creates another trap for the unwary. It seems more reasonable to require the applicant to inform the defendant of his or her ability to participate. If the applicant's [*sic*] waits too long, the defendant can properly argue that he or she should be found to have reasonably failed to participate, and benefits could be terminated. If the applicant promptly requests reinstatement after recovering from a non-industrial medical condition, the defendant is not harmed. The defendant only needs to provide the balance of the services it earlier agreed to provide." The County filed a petition for review, and this court issued a writ of review on April 8, 1999.

## DISCUSSION

### I

In considering a petition for a writ of review of a decision of the WCAB, our authority is limited. We must determine whether the evidence, when viewed in light of the entire record, supports the award of the WCAB. We may not reweigh the evidence or decide disputed questions of fact. However, we are not bound to accept the WCAB's factual findings if we determine them unreasonable, illogical or inequitable when reviewed in light of the overall statutory scheme. Where an issue decided by the WCAB is one of law rather than fact, or involves statutory interpretation, we are not bound by the WCAB's conclusions. (*Western Growers Ins. Co. v. Workers' Comp.*

*Appeals Bd.* (1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26]; *Rex Club v. Workers' Comp. Appeals Bd.* (1997) 53 Cal.App.4th 1465, 1470-1471 [62 Cal.Rptr.2d 393].)

■ The construction of a statute and its applicability to a given situation are matters of law, reviewable on appeal. Although the contemporaneous administrative construction of a statute by the agency charged with its enforcement and interpretation should be given great respect, an erroneous interpretation or application of a statute is ground for annulment. (*Sanchez v. Workers' Comp. Appeals Bd.* (1990) 217 Cal.App.3d 346, 354 [266 Cal.Rptr. 21] (*Sanchez*).) ■ We strive to ascertain the Legislature's intent so as to effect the purpose of the law. We give significance to the specific language of the act, where possible, in pursuit of the legislative purpose. In addition, we must harmonize the various parts of the statute with the general tenor and scope of the statutory framework as a whole. (*Ibid.*; *Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224].)

## II

■ Vocational rehabilitation may be interrupted upon agreement of the employee and employer. (Lab. Code, § 4644, subd. (b).) WCAB regulations require that the claims administrator, within 10 days of the agreement to interrupt, confirm the interruption in writing. The notice of interruption must include information regarding the procedures that the employee must follow to request additional vocational rehabilitation benefits. (Cal. Code Regs., tit. 8, § 10129, subd. (a).)

Here, DeBoard requested an interruption on October 6, 1997, and the County responded with a notice of interruption on October 9, 1997. The notice informed DeBoard that if she failed to request reinstatement of vocational rehabilitation services within five years of the date of injury, her right to request further benefits would terminate. DeBoard failed to request further vocational services within the five-year period.

Two statutes act as statutes of limitations for requesting vocational rehabilitation benefits. Labor Code section 5405.5 provides an employee may request vocational rehabilitation within one year of the date of the last finding of permanent disability by the WCAB, or one year from the date the WCAB approved a compromise and release. Labor Code section 5410 applies generally to requests for benefits, including vocational rehabilitation, and permits a request for benefits within five years of the date of injury.

In *Youngblood v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 764 [265 Cal.Rptr. 211] (*Youngblood*), the WCAB attempted to reconcile these

statutes of limitations in the context of rehabilitation services. In *Youngblood*, an employee injured in 1978 obtained a permanent disability award, but the WCAB in 1982 determined the employee was not eligible for rehabilitation benefits. The employee filed a petition to reopen for the purpose of finding new and further permanent disability. The employee did not allege the need for vocational rehabilitation as a ground for reopening. (*Id.* at pp. 767-768.)

In 1986, eight years after the date of injury, the WCAB granted the employee's request to reopen and awarded him further disability. (*Youngblood, supra,* 216 Cal.App.3d at p. 768.) Approximately two months later, the employee requested vocational rehabilitation benefits. The employer did not provide benefits, and the rehabilitation bureau found the employer was not obliged to provide rehabilitation because the issue of whether the employee was a qualified injured worker was addressed in 1982 and more than five years had elapsed since the injury. (*Id.* at p. 769.) The WCAB upheld the bureau's decision. (*Ibid.*)

The appellate court affirmed the WCAB's decision denying reconsideration. The court found the request for vocational rehabilitation untimely because it was not made within five years of the injury as required by Labor Code section 5410. (*Youngblood, supra,* 216 Cal.App.3d at pp. 775-776.) The court explained Labor Code section 5405.5 applies solely to the "initial or original requests for rehabilitation benefits where entitlement to such has not been previously adjudicated. With the enactment of section 5405.5, the Legislature clearly intended to extend the time within which an injured employee may file an initial request for rehabilitation benefits. . . . [S]ection 5405.5 operates to provide that an initial or original request for rehabilitation may be made after five years from the date of injury, as long as the request for rehabilitation is filed within one year from the last finding of permanent disability or the approval of a compromise and release of other issues." (216 Cal.App.3d at p. 772.)

The court then considered Labor Code section 5410: "Under section 5410, an initial request for rehabilitation is timely if made within five years after the date of injury, even though in certain situations it may be that more than one year will have expired since the last finding of permanent disability or the approval of a compromise and release of other issues. Thus, at the very minimum, an injured employee has five years from the date of injury in which to file an initial or original request for rehabilitation. However, where rehabilitation entitlement has been previously adjudicated, neither the Bureau nor the Board has jurisdiction to entertain a further request for rehabilitation, unless it is made within five years from the date of injury. (§§ 5410, 5804.)" (*Youngblood, supra,* 216 Cal.App.3d at p. 773.)

The court then considered the factual situation before it and determined the employee's second request for vocational rehabilitation, made eight years after his injury but within one year of his last permanent disability award, was untimely. "Once the Bureau adjudicated the issue of applicant's entitlement to rehabilitation in 1982, all further proceedings regarding rehabilitation were subject to the five-year limitation under sections 5410 and 5804." (*Youngblood, supra,* 216 Cal.App.3d at p. 773.) Moreover, "once the findings and award became final as to the petition to reopen, neither the Board nor the Bureau had jurisdiction to consider a request for rehabilitation made after five years from the date of injury." (*Id.* at p. 774, fn. omitted.)

In *Sanchez, supra,* 217 Cal.App.3d 346, an employee's initial request for rehabilitation was made more than five years after the date of injury but within one year of the last finding of disability. (*Id.* at p. 351.) The WCAB found the rehabilitation request barred by the five-year statute of limitations under Labor Code section 5410. The appellate court annulled the decision.

The appellate court in *Sanchez* reconciled the five-year limitations period in Labor Code section 5410 and the one-year limitations period in section 5405.5. The court considered the legislative intent behind both statutes and determined: "[S]ection 5405.5 operates to provide that an initial or original request for rehabilitation may be made after five years from the date of injury, as long as the request for rehabilitation is filed within one year from the last finding of permanent disability or the approval of a compromise and release of other issues. Any other interpretation of section 5405.5 would create aberrant results." (217 Cal.App.3d at p. 355, fn. omitted.)

Under the reasoning of *Youngblood* and *Sanchez,* the statute of limitations in Labor Code section 5405.5 applies only to the original or initial request for vocational rehabilitation. In the present case, there had been a prior adjudication: an earlier request for vocational rehabilitation which was adjudicated by the rehabilitation unit. This appeal concerns a *second* request following a prior adjudication; therefore, Labor Code section 5405.5 does not apply. Instead, Labor Code section 5410 governs the action, and the employee must request a reinstatement of vocational rehabilitation within five years of the date of her injury. DeBoard was injured on June 9, 1993, and failed to request reinstatement within five years of the injury, or by June 9, 1998.

Nor does *Poole v. Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 694 [259 Cal.Rptr. 564] (*Poole*) compel a different result. In *Poole,* an injured worker requested and received vocational rehabilitation. He later

requested, and was granted by the rehabilitation bureau, an indefinite suspension of vocational benefits because of back pain and the need for further medical treatment. In 1986, the bureau ordered the employee's case closed on the grounds the employee could not be expected to benefit from rehabilitation. The employee subsequently requested further rehabilitation. The consultant ordered reinstatement of rehabilitation, stating review of the employee's file indicated closure was granted on a suspension basis because the employee was suspending participation to seek additional medical treatment and had not declined rehabilitation. The consultant concluded the bureau had jurisdiction to award further benefits because rehabilitation had merely been suspended. (*Poole, supra*, 211 Cal.App.3d at p. 696.)

The employer appealed to the WCJ, who determined the 1986 order was a closure order and the employee's request for further rehabilitation benefits was untimely because it was made more than five years after the injury. The appellate court reversed, finding, as a matter of law, the WCAB intended to order suspension rather than closure. The court noted, "Suspension of rehabilitation benefits is appropriate when an applicant's disability temporarily precludes participation in rehabilitation. [Citation.] Before July 1, 1988, a Bureau order suspending rehabilitation for an unspecified period of time involved an implicit reservation of jurisdiction to award further rehabilitation benefits. [Citations.] Because rehabilitation was suspended, the Bureau has jurisdiction to award further rehabilitation benefits." (*Poole, supra*, 211 Cal.App.3d at pp. 697-698.)

In the present case, DeBoard obtained a suspension which by its terms was to last only six months. The suspension expired on March 3, 1998, and DeBoard did not request an extension of the suspension prior to the expiration. *Poole* instructs that any implicit reservation of jurisdiction expires when the suspension expires.

The WCAB cites several cases in which the WCAB retained jurisdiction to award further rehabilitation benefits following an interruption of benefits for medical reasons more than five years after the date of injury. The WCAB argues these decisions point to an implied reservation of jurisdiction which renders inoperative the limitations periods in Labor Code sections 5405.5 and 5410.

In *American States Ins. v. Workers' Comp. Appeals Bd.* (1993) 58 Cal.Comp.Cases 155 (*American States*), an employee was medically unable to complete his vocational rehabilitation and the rehabilitation unit granted him a suspension. Three years later, and more than five years after the

injury, the employee requested reinstatement of vocational rehabilitation. The WCAB ordered the rehabilitation unit to grant the request, finding the suspension of jurisdiction constituted an implied reservation of jurisdiction. The appellate court denied the review. (*Id.* at p. 157.)

In *American States*, the interruption or suspension of services was open-ended; there was no time limit on the suspension. In the present case, the suspension of rehabilitation benefits expired by its own express terms.

Three other California compensation cases provide a commentary on the WCAB's ability to impliedly reserve jurisdiction. In *Sierra Vista Hospital v. Workers' Comp. Appeals Bd.* (1985) 50 Cal.Comp.Cases 208 (*Sierra Vista*), the employee was injured in 1977, and in 1981 the rehabilitation bureau issued an order which stated because rehabilitation services would not be productive it was suspending benefits until March 3, 1982, and administratively closing the file. "The decision and order also stated that *at any time during or after* the suspension [the employee] could seek reinstatement by informing the Bureau . . . of her desire to return to active participation in rehabilitation." (*Ibid.*, italics added.) In 1984, the employee requested reinstatement of the rehabilitation program. The rehabilitation bureau ordered her employer to provide rehabilitation benefits even though the request was more than five years after the employee's injury. (*Ibid.*) The bureau stated it considered the suspension a "mere taking the case off calendar." (*Ibid.*) The appellate court denied the writ. (*Id.* at p. 209.)

Superficially, *Sierra Vista* bears some resemblance to the present case. In both cases, following an initial request for rehabilitation services, the services were interrupted. In both cases the employee requested a reinstatement of benefits more than five years after the date of injury and more than one year after the last finding of disability. However, the nature of the interruption differs greatly in the two cases. In *Sierra Vista*, the order suspending benefits stated that "at any time during or after the suspension" the employee could seek reinstatement of a rehabilitation program, evincing the WCAB's desire to retain jurisdiction over the award of benefits. In contrast, the suspension in the present case expired by its own terms on a date certain and contained no provision allowing the employee to seek reinstatement following the suspension.

In *Seeley v. Workers' Comp. Appeals Bd.* (1988) 53 Cal.Comp.Cases 198 (*Seeley*), an employee declined and refused rehabilitation services following an injury. The employer requested the case be closed since the employee had refused to cooperate in the rehabilitation process. The bureau suspended

rehabilitation services and ordered the case closed. (*Ibid.*) More than five years after the injury, the employee requested rehabilitation. The WCAB found the employee's request barred by the five-year limitations period in Labor Code section 5410. The WCAB also found no reservation of jurisdiction over further rehabilitation, stating "an action of this nature was only taken when an applicant's health, physical condition, or some personal problem necessitates it and not when the rehabilitation process fails because of an applicant's lack of cooperation." (53 Cal.Comp.Cases at p. 199.) The appellate court denied the employee's writ. (*Ibid.*)

In *Vosberg Chevrolet v. Workers' Comp. Appeals Bd.* (1990) 55 Cal.Comp.Cases 162 (*Vosberg*), an employee suffered an injury in 1982 and, prior to the expiration of the five-year statute of limitations, requested an extension of time to file for rehabilitation benefits. The employee then requested benefits prior to expiration of the five-year period; the bureau made inquiries of the employer, but took no further action. After the expiration of the five-year period, the employee filed a request for reinstatement of rehabilitation services. The bureau denied the request. (*Id.* at p. 163.)

The WCAB found the employee's request timely, stating, "the Rehabilitation Bureau retains jurisdiction to award rehabilitation services beyond the five years from [the] date of injury if the services were originally requested within five years but deferral is requested due to the applicant's condition." (*Vosberg, supra*, 55 Cal.Comp.Cases at p. 163.)

In *Seeley* and *Vosberg*, the retention of jurisdiction was found in the context of an open-ended suspension. In neither case was the suspension to expire on a certain date as in the present case.[1] Here, the WCAB found an implied reservation of jurisdiction, even though the suspension granted to DeBoard expired by its own terms on March 6, 1998. Since she requested no extension of suspension prior to March 6, 1998, the WCAB lost jurisdiction five years after the date of injury: June 9, 1998. We find no authority for an implied reservation of jurisdiction in the face of a defined period of suspension.

---

[1]See also *Owens-Illinois, Inc. v. Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 886, in which rehabilitation benefits were suspended but the order provided "that on written request [employee] could resume the evaluation process." (*Ibid.*) The WCAB found the employee's request made more than five years from the date of injury was timely since the rehabilitation bureau reserved jurisdiction at the time proceedings were suspended to determine, on request, the employee's need for rehabilitation in the future. (*Id.* at p. 888.) Again, unlike the facts before us, the reservation of jurisdiction in *Owens-Illinois* contained no time limitation for requesting services.

## Disposition

The WCAB's decision is annulled.

Scotland, P. J., and Hull, J., concurred.

A petition for a rehearing was denied July 11, 2000, and the opinion was modified to read as printed above.