[No. B155646. Second Dist., Div. Six. Nov. 4, 2002.]

BRENDA MARTINO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CALIFORNIA
INSURANCE GUARANTEE ASSOCIATION, Respondents.

**Counsel**

William A. Herreras for Petitioner.

Stockwell, Harris, Widom & Woolverton and David E. Jones for Respondent California Insurance Guarantee Association.

No appearance for Respondent Workers' Compensation Appeals Board.

## Opinion

**GILBERT, P. J.**—We review the order of respondent Workers' Compensation Appeals Board (WCAB) denying reconsideration. While a petition to terminate an employee's vocational rehabilitation (VR) services was pending before the rehabilitation unit (RU), employee petitioned to reopen with the WCAB within five years of her injury for new and further disability. She also requested VR be reinstated. While the petition to reopen was pending, VR services were terminated by the RU. Thereafter the petition to reopen was granted by the WCAB. Here we conclude the employee's petition for reinstatement of VR is not barred by the statute of limitations. We reverse.

### Facts

Petitioner Brenda Martino sustained an admitted industrial back injury on April 10, 1995. On June 1, 1995, Martino wrote her employer's insurer, Superior National Insurance Company (Superior),[1] requesting VR benefits. Superior agreed, and the parties selected a rehabilitation consultant. Martino's injury prevented her from participating in the program, and she requested that rehabilitation services be interrupted or deferred.[2] The parties agreed to a one-month extension, from July 1, 1996, to July 30, 1996. Martino timely requested and Superior granted two more extensions. Each of the letters from Superior agreeing to extensions contains the following notice: "Please remember that the law states that you have no more than five years from your date of injury to request additional rehabilitation services. If you do not request services by the interruption end date shown above, your rights to rehabilitation will probably end." Martino did not request a further extension of the VR program beyond the last agreed extension date of February 20, 1998.

On February 26, 1998, the workers' compensation judge (WCJ) awarded Martino 59½ percent permanent disability, further medical treatment and attorney fees. The order did not mention VR.

---

[1] After the WCAB proceedings concluded, Superior was liquidated. Respondent California Insurance Guarantee Association then discharged its statutory responsibilities for Superior's obligations, as required by Insurance Code section 1063.1 et seq.

[2] It is not clear from the record whether Martino sought an interruption or deferral of VR services.

On April 9, 1998, Superior filed an application with the RU requesting that liability for VR services be terminated.

On April 24, 1998, before the RU made a determination on Superior's request to terminate, Martino filed a petition to reopen with the WCAB alleging new and further disability and requesting that VR be reopened.

On May 11, 1998, the RU granted Superior's request to terminate VR services, finding that "there are no current grounds for extending the interruption of the rehabilitation process pursuant to [California Code of Regulations, title 8,] section 10129 . . . ." The RU's determination also states: "The employee retains the right to reopen the rehabilitation process per [Labor Code section] 5410—this must be made prior to 4-10-2000, or within 5 years from the date of injury. In view of the nature of the denial of vocational rehabilitation services, in order to reinstate the rehabilitation process, the employee will only be required to submit a written request for the same, albeit on a timely basis as previously stated." (Capitalization omitted.)

On May 30, 2000, the WCJ granted Martino's petition to reopen, finding new and further disability to her back and increasing her permanent disability rating to 85½ percent. The WCJ's opinion on decision states: "There seems to be little doubt that there is good cause to reopen. Applicant's back disability has changed and there has clearly been an additional period of temporary disability." The order does not mention VR.

Within one year of the supplemental award, on January 31, 2001, Martino wrote Superior requesting reinstatement of VR services. When Superior failed to respond, Martino filed a request for dispute resolution with the RU. A formal conference failed to resolve the issue. The RU issued a determination and order on March 29, 2001, denying reinstatement of VR on the ground that the request was barred by the statute of limitations. On that day, Martino filed a first amended petition to reopen with the WCAB, stating in part: "Applicant was awarded, on May 30, 2000, 85-1/2% permanent disability; applicant seeks to reopen rehabilitation one (1) year from the May 30, 2000 Award." She also appealed the RU's determination.

On May 25, 2001, the WCJ denied Martino's appeal, and the WCAB eventually denied Martino's petition for reconsideration, adopting the WCJ's report and recommendation on reconsideration as its own without further comment.

■ Martino filed a timely petition for review, contending that (1) the petition to reopen filed April 24, 1998, was timely under Labor Code section 5410[3] because it was filed within five years of the date of her injury; and (2) her first amended petition to reopen was timely under section 5405.5 because it was filed within one year of the May 30, 2000, award of new and further disability.

## DISCUSSION

An employer is required to offer VR services to qualified injured workers. (§§ 139.5, 3207; *Veilleux v. Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 235 [220 Cal.Rptr. 568].) Section 5410 states in part: "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation, including vocational rehabilitation services, within five years after the date of the injury upon the ground that the original injury has caused new and further disability or that the provision of vocational rehabilitation services has become feasible because the employee's medical condition has improved or because of other factors not capable of determination at the time the employer's liability for vocational rehabilitation services otherwise terminated. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction within this period."

■ The application of VR statutes of limitation to undisputed facts is a question of law subject to de novo review. (*Martinez v. Workers' Comp. Appeals Bd.* (2000) 84 Cal.App.4th 1079, 1084 [101 Cal.Rptr.2d 406].) ■ " 'Limitations provisions in the workmen's compensation law must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result in' a loss of compensation." (*Bland v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 330-331 [90 Cal.Rptr. 431, 475 P.2d 663]; see also *Bussear v. Workers' Comp. Appeals Bd.* (1986) 181 Cal.App.3d 186, 193 [226 Cal.Rptr. 242] ["[T]he legislative purpose in enacting section 139.5 was to enable injured workers to participate in rehabilitation training to the fullest extent possible"].)

■ To invoke the WCAB's continuing jurisdiction under section 5410, the Workers' Compensation Act (Act) requires only that an appropriate pleading be filed with the WCAB within five years from the date of injury. (See generally 1 Herlick, Cal. Workers' Compensation Law (6th ed. 2001) § 14.06, pp. 14-24 to 14-24.5.) If an appropriate pleading is timely filed within the five-year period, the power of the WCAB to reopen and decide a matter extends beyond the five-year period. (*Bland v. Workmen's Comp. App.*

---

[3]All statutory references are to the Labor Code.

*Bd., supra*, 3 Cal.3d at p. 329, fn. 3; see also *General Foundry Service v. Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331, 337 [228 Cal.Rptr. 243, 721 P.2d 124] ["The Board clearly has the power to continue its jurisdiction beyond the five-year period when an application is made within that period"].)

The RU found that Martino's April 24, 1998, petition to reopen was not timely under section 5410 because the petition was "chronologically out of sequence, given that subsequently the rehabilitation process was closed on 5-11-98." The WCJ agreed, stating "[t]o argue otherwise would be to state that one is attempting to reopen something before it has been decided which is certainly not acceptable."

These findings of untimeliness are not supported by the facts or the law. The petition to reopen was filed with the WCAB, not the RU. The only issue before the RU was whether to grant Superior's April 9, 1998, petition to terminate liability for VR. The RU's decision regarding Superior's request to terminate VR benefits had no effect on the WCAB's continuing jurisdiction to act on the timely filed petition to reopen containing the request to reinstate VR. A timely petition to reopen remains pending and is not affected by the statute of limitations where there has been no decision of any kind by the WCAB on the specific form of benefits at issue. (*Bland v. Workmen's Comp. App. Bd., supra*, 3 Cal.3d at pp. 333-334.)

Moreover, neither the Act nor case law requires an injured employee to adhere to a strict chronological sequence when filing documents in administrative proceedings. ■ To the contrary, it is an often-stated principle that the Act disfavors application of formalistic rules of procedure that would defeat an employee's entitlement to rehabilitation benefits. (See e.g., *Rubio v. Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 196, 200 [211 Cal.Rptr. 461] ["The Board's procedural rules 'serve the convenience of the tribunal and the litigant[s] and facilitate the proceedings. They do not deprive the tribunal of the power to dispense with compliance when the purposes of justice require it, particularly when the violation is formal and does not substantially prejudice the other party' "].) Accordingly, this court has refused to strictly apply technical rules of procedure if to do so would deprive a worker of benefits. In *Vasquez v. Workers' Comp. Appeals Bd.* (1991) 226 Cal.App.3d 867 [277 Cal.Rptr. 102], we held that checking a box on an application for adjudication indicating that VR was disputed is sufficient to constitute a request for rehabilitation benefits within the statute of limitations even absent a formal request with the RU.

■ This court's decision in *Rivera v. Workers' Comp. Appeals Bd.* (1987) 190 Cal.App.3d 1452 [236 Cal.Rptr. 28] also is on point. There we

held that an employee's appeal from a RU decision was not defective even though it was filed before the RU filed its decision and order. We said, "The Board clearly erred . . . . In basing its ruling on the procedural technicality that applicant's readiness declaration did not meet the formal requirements for filing an appeal from the Bureau decision, the Board overlooked case law that workers' compensation pleadings and proceedings are informal and not utilized to preclude Board jurisdiction. [Citations.] The Board also overlooked the constitutional mandate (Cal. Const., art. XIV, § 4), the legislative mandate (Lab. Code, § 3202), and repeated decisions of the Supreme Court [citations] that workers' compensation laws be liberally construed in favor of affording substantial justice to injured workers. As stated in *Beveridge* v. *Industrial Acc. Com.* (1959) 175 Cal.App.2d 592, 598 [346 P.2d 545], 'applicant's claim is entitled to adjudication upon substance rather than upon formality of statement.'" (*Rivera*, at p. 1456.) Rejecting the argument that the employee's readiness declaration was premature because it was filed before the RU issued a written order, we said: "Since an appealable order was in fact entered by the Bureau, applicant's readiness certificate should be given full effect even though filed before the written order was entered." (*Id.* at p. 1457.)

There is no evidence that Martino's filing of the petition to reopen with the WCAB before the RU issued its written determination prejudiced Superior or that Martino intended to deceive or surprise Superior by filing the petition. Under these circumstances, the WCAB's "'hands were not tied by its own procedural rules'" (*Rubio v. Workers' Comp. Appeals Bd., supra*, 165 Cal.App.3d at p. 201), and Martino's petition for reconsideration should have been granted.

Our holding that Martino's request for reinstatement of rehabilitation services is not barred by section 5410 makes it unnecessary for us to decide whether the WCAB erred in applying section 5405.5.

In its mission to secure "repose" for Superior, the dissent imagines that our opinion "eviscerates the concept of finality of orders." (Dis. opn., *post*, at p. 495.) We do no such thing. Under section 5410 and the terms of the RU order itself, Martino was entitled to reopen her petition within five years of the date of her injury. When the RU issued its order terminating services in 1998, Superior knew it could be responsible for VR up to April 10, 2000. We trust it took this into account when planning its possible future costs. Martino filed a petition to reopen for new and further disability and VR under section 5410 in 1998, well within the five-year statute of limitations. Thus, Superior suffered no sudden economic prejudice, as suggested by the dissent.

*Cisneros v. Workers' Comp. Appeals Bd.* (1995) 41 Cal.App.4th 759 [48 Cal.Rptr.2d 655], decided by this court, provides guidance here. Applicant Cisneros settled his case by way of a compromise and release. He signed an "Employee Statement of Declination of Vocational Rehabilitation Services." Cisneros did not object when defendant filed a "Request for Termination of Rehabilitation Services." Later, however, Cisneros claimed he did not intend to waive VR. We remanded for the WCAB to determine whether Cisneros misunderstood the documents he signed waiving his right to future rehabilitation benefits. If the WCAB determined that Cisneros did in fact understand the documents he signed, he could still be eligible to reopen rehabilitation services. We specifically held that "if the worker does not timely object to the termination of rehabilitation services, he must come within the requirements of Labor Code section 5410 in order to reopen rehabilitation." (*Cisneros*, at p. 762.) That is what happened here.

The order of the WCAB denying Martino's petition for reconsideration is vacated and the matter is remanded for a new order granting Martino's petition.

Coffee, J., concurred.

**YEGAN, J.,** Dissenting.—I agree that we should (1) construe limitations provisions in workers' compensation law liberally in favor of an injured worker (maj. opn., *ante*, at p. 489), (2) not elevate form over substance or insist on a strict chronological sequence in the filing of documents by an applicant (maj. opn., *ante*, at p. 490), and (3) liberally view the workers' compensation laws in favor of affording substantial justice to injured workers (maj. opn., *ante*, at p. 491). Constitutional, statutory, and decisional law dictates that these laudatory goals be furthered. However, there must, of necessity, come a time when the rules dictate that the employer and its insurance carrier no longer have liability. The rules, whether they favor the employee or the employer in any given instance, allow the parties some assurance and repose in their respective rights and liabilities. Here, the workers' compensation judge (WCJ) and the workers' compensation appeals board (WCAB) have determined that applicant is not entitled to vocational rehabilitation benefits because she did not timely or appropriately perfect her request therefor. This case is not one where the employer, its carrier, the WCJ, and the WCAB insisted upon a hypertechnical rule to deny benefits. Insurance carriers have rights too.

Initially, the carrier did everything it could to provide vocational rehabilitation to applicant. When it became reasonably apparent that applicant did not want those services, it secured an order from the vocational rehabilitation

unit (hereafter RU) terminating liability therefor. At that point in time, carrier could reasonably rely on the order and was not required to financially plan on the costs of such services in the future. This allowed the carrier to financially plan for the costs of services to other injured workers. (See *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1985) 39 Cal.3d 57, 62 [216 Cal.Rptr. 115, 702 P.2d 197].) All of that is changed by the majority opinion. A carrier may not rely on a final order from the RU which the majority impliedly determine is of no consequence whatsoever.

Applicant sustained an industrial injury on April 10, 1995, was provided vocational rehabilitation (VR) services, and requested that the services be interrupted.[1] On February 26, 1998, she was awarded a 59.5 percent permanent disability. The award was silent on VR services.

On April 9, 1998, the employer's insurer, Superior National Insurance Company (carrier), requested that liability for VR be terminated. (See Lab. Code, § 4644, subd. (b); *Martinez v. Workers' Comp. Appeals Bd.* (2000) 84 Cal.App.4th 1079, 1086 [101 Cal.Rptr.2d 406].) Before the RU even heard the matter, appellant filed an April 24, 1998 petition to reopen with the WCAB, not the RU.[2]

On May 11, 1998, the RU granted carrier's request to terminate VR services. The order advised appellant that she had the right to reopen pursuant to Labor Code section 5410 and that a request to reopen "MUST BE MADE PRIOR TO 4-10-2000, OR WITHIN 5 YEARS FROM THE DATE OF INJURY." The order stated: "THIS DETERMINATION IS FINAL. ANY AGGRIEVED PARTY MUST FILE AN APPEAL WITH THE WORKERS' COMPENSATION APPEALS BOARD WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE OF THIS DETERMINATION." The petition to reopen was not discussed at the RU hearing.

Applicant did not object, move for reconsideration, or appeal the May 11, 1998 order. Nor did she request that the WCAB reserve jurisdiction to

---

[1]California Code of Regulations, title 8, section 10129.1, subdivision (b) states in pertinent part: "An employee may interrupt rehabilitation services *subsequent to accepting services*. . . ." (Italics added.)

[2]The majority say that the request was "appropriate." (Maj. opn., *ante*, at p. 489.) It was not appropriate. Quite apart from the obvious untimeliness of this motion, requests to reopen VR "should be filed with the [rehabilitation] Unit. . . ." (2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed., Tancor edit., 2001) Vocational Rehabilitation, § 35.73, p. 35-89, relying upon an en banc opinion of the WCAB; *Fraile v. Dzurilla & Dymond Construction Co.* (1982) 47 Cal.Comp.Cases 523.)

The Court of Appeal should not micromanage the application of WCAB rules designed for the orderly adjudication of compensation benefits. The rule requiring that a request to reopen VR benefits be filed in the first instance with the RU not only seems reasonable, but is a practical delegation to the appointed experts who are in the best position to make VR evaluations.

adjudicate further VR services. (See *Roberts v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 631, 636, fn. 8 [4 Cal.Rptr.2d 576].) The only inference that flows from these occurrences is that applicant waived VR services.

On May 30, 2000, applicant's permanent disability rating was increased to 85½ percent on her petition to reopen. She did not then ask for vocational rehabilitation benefits. On May 29, 2001, she did so. The WCAB found that the request was barred by the May 11, 1998 order and Labor Code section 5410.

The majority hold that an applicant may ignore a final RU order if a petition to reopen is filed with the WCAB before VR services were closed. By filing this stealth petition to reopen with a different hearing board (the WCAB), applicant is allowed to attend the RU hearing, say nothing, and later successfully claim that the order closing VR services was of no force or effect. This is akin to filing a motion for new trial before the jury has returned a verdict. In the words of the WCJ, "one cannot reopen what has not been closed. [¶] If this were acceptable practice, . . . [t]here would never be any finality to anything . . . ."[3]

An injured worker cannot suspend VR services by filing a generic petition to reopen before VR services are closed. Where VR services are adjudicated and closed, the WCAB and RU lack jurisdiction to consider a new request for VR services filed more than five years from the date of the industrial injury. (Lab. Code, §§ 5410, 5804; *Youngblood v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 764, 774 [265 Cal.Rptr. 211]; *Sacramento County Off. of Education v. Workers' Comp. Appeals Bd.* (2000) 82 Cal.App.4th 107, 115 [97 Cal.Rptr.2d 699].)

The majority assume that applicant was not medically able to use VR services before May 30, 2000, when the WCAB increased the permanent disability award. If that was the case, all she had to do was timely inform the RU and ask for an interruption of services. There is nothing in the record to support that she was medically unable to use VR services. Unlike *Pool v. Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 694 [259 Cal.Rptr. 564], rehabilitation services were not suspended so applicant could seek additional medical evaluation and treatment.

Labor Code section 5410 is designed "to foster both certainty and finality in the law. For example, an applicant may believe a newly manifested

---

[3]At all times, applicant was represented by experienced and capable counsel. The record does not show why applicant and her attorney waited from April 24, 1998, to May 27, 2001, to press for a ruling on the earlier stealth motion to reopen VR.

disability is caused by a previous industrial injury for which compensation had been awarded. Nevertheless, the applicant's ability to reopen the claim ceases five years from the date of the injury (§ 5410). In symmetrical fashion, section 5804 generates some repose for the injured employee by terminating the employer's ability to reopen a previously adjudicated claim once five years from the date of the original injury have passed." (*Barnes v. Workers' Comp. Appeals Bd.* (2000) 23 Cal.4th 679, 686-687 [97 Cal.Rptr.2d 638, 2 P.3d 1180], fn. omitted.)

The majority's opinion goes beyond a liberal construction of the WCAB rules. It eviscerates the concept of finality of orders. Now, every applicant can file a "Martino" petition to reopen before the WCAB just before rehabilitation services are closed by the RU. The applicant can keep the petition dormant, and years later, claim that rehabilitation services were suspended. Such a procedure renders Labor Code section 5410 a nullity.

On November 25, 2002, the opinion was modified to read as printed above.